**Mohammed Anowar HOSSAIN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–74203.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 4, 2006.

Filed Oct. 18, 2006.

Vera A. Weisz, Esq., Los Angeles, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, San Francisco, CA, Kristin K. Edison, Esq., Washington, DC, for Respondent.

Before: D.W. NELSON, O'SCANNLAIN, Circuit Judges, and JONES, District Judge.*

MEMORANDUM **

Mohammed Anowar Hossain petitions for review of the immigration judge's (IJ)

---

* The Honorable Robert C. Jones, District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

decision to deny his claims of asylum, withholding of removal, and relief under the Convention Against Torture (CAT).[1] We omit the relevant facts as they are known to the parties.

Hossain claims that he is eligible for asylum because he suffered persecution in his native Bangladesh because he is a Bihari Shiite Muslim. We hold that the evidence of record does not compel a finding that Hossain was subject to past persecution. *See INS v. Elias–Zacarias*, 502 U.S. 478, 481 & n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Hossain's claims of past persecution and a well-founded fear of future persecution are based on instances regarding which Hossain's testimony was highly vague, lacking any specificity in dates and details. He thus has not offered *"specific* facts that give rise to an inference that the applicant has been or has a good reason to fear that he or she will be singled out for persecution on one of the specified grounds...." *Cardoza–Fonseca v. INS*, 767 F.2d 1448, 1453 (9th Cir.1985) (internal quotation marks and citation omitted) (emphasis in original). Further, with regard to his fear of future persecution, Hossain's immediate family members continue to reside in Bangladesh without incident. *See Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir.2001). Accordingly, the evidence does not compel the conclusion that he is eligible for asylum. *See Elias–Zacarias*, 502 U.S. at 481 & n. 1, 112 S.Ct. 812.

With respect to Hossain's claim for eligibility for relief under CAT, we find that the claim has been waived. Hossain fails specifically to argue the issue. *See United States v. Viramontes–Alvarado*, 149 F.3d 912, 916 n. 2 (9th Cir.1998).

Finally, Hossain raises his due process claim for the first time on appeal. Since he failed to present this issue to the BIA, we dismiss Hossain's due process claim for lack of jurisdiction for failure to exhaust his administrative remedies. *See* 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

1. The Board of Immigration Appeals adopted the reasoning of the IJ, and thus, we review the decision of the IJ directly. *Gormley v. Ashcroft,* 364 F.3d 1172, 1176 (9th Cir.2004).

